No. 321 May 15, 2024 607

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. B. J.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. B. J.,
*Appellant.*

Multnomah County Circuit Court
23CC03452; A181724

Jane W. Fox, Judge.

Argued and submitted April 12, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Appellant appeals a judgment involuntarily committing him to the Oregon Health Authority for up to 180 days based on the trial court's finding that, as a result of a mental disorder, he is unable to meet his basic needs. *See* ORS 426.005(1)(f)(B). Appellant contends that, because he was detained on an emergency basis for a week before his hearing, ORS 426.100(3)(e) required the trial court to appoint counsel sooner than it did. Although appellant did not preserve the issue, he asserts that it amounts to reversible plain error. We affirm.

Appellant, as noted, was detained on an emergency basis under ORS 426.232 for a week before his commitment hearing. With respect to a person detained before a commitment hearing, ORS 426.100(3)(e) provides that "the right *** to contact an attorney or *** to have an attorney appointed may be exercised as soon as reasonably possible." That provision, according to appellant, required the trial court to appoint counsel earlier than it did; the court appointed counsel either the day before or the day of trial.[1] Based on that proposed reading of ORS 426.100(3)(e), appellant contends that the trial court plainly erred by appointing counsel so late.

We disagree. "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). On this record, it is not obvious that ORS 426.100(3)(e) required the court to appoint counsel earlier than it did. The text does not impose a specific timeframe for the appointment of counsel, but simply provides for the exercise of the right "as soon as reasonably possible." Additionally, as the state points out, the passive phrasing of the provision—that the right "may be exercised"—suggests that the statute may require some affirmative action by the detained person to exercise the right to counsel. Here, there is no indication that appellant attempted to exercise his right to counsel before the court appointed counsel. Under the circumstances, it is not plain

---

[1] The record contains discrepancies as to when the court appointed counsel.

that the trial court's appointment process was erroneous under ORS 426.100(3)(e).[2]

Affirmed.

---

[2] Appellant's argument to us rests on ORS 426.100(3)(e); as a result, we do not consider whether other statutes may have required the trial court to appoint counsel more promptly.